Rhonda MEDOWS, Plaintiff–Appellant,

v.

Eldon O. BROCKMEIER, Defendant–Respondent.

No. 63429.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 26, 1993.

Jason C. Pulos, Donald L. Schlapprizzi, St. Louis, for plaintiff-appellant.

Timothy J. Gallagher, Amelung, Wulff & Willenbrock, P.C., St. Louis, for defendant-respondent.

CRANDALL, Presiding Judge.

Plaintiff, Rhonda Medows, appeals from the judgment of the trial court which set aside the jury verdict against defendant, Eldon Brockmeier, in a personal injury action. We affirm.

The evidence, viewed in the light most favorable to the verdict, established that on June 4, 1990, defendant was showing plaintiff his house which he advertised for sale. As plaintiff was descending the stairs into the basement behind defendant, she moved to one side of a step to help her young daughter down the stairs. That step broke, causing her to fall. Plaintiff was almost eight months pregnant at the time. Although plaintiff sustained injury as a result of the fall and was worried about the effect of the fall on her baby, her baby was born healthy several weeks after the fall.

The jury found in favor of plaintiff and awarded her $7,500.00 in damages. The trial court granted defendant's motion for judgment notwithstanding the verdict.

Plaintiff's sole point on appeal is that the trial court erred in granting defendant's motion for judgment notwithstanding the verdict. Sustaining a motion for judgment notwithstanding the verdict is tantamount to directing a verdict at the close of all the evidence. *Harrison v. Roberts*, 800 S.W.2d 40, 41 (Mo.App.1990). Such a motion is properly granted only if plaintiff failed to make a submissible case, that is, when all the evidence and reasonable inferences to be drawn therefrom are so strongly against plaintiff's case that there is no room for reasonable minds to differ. *Id.* The court must grant every reasonable inference the evidence provides to plaintiff. *Id.*

When a plaintiff sues a possessor of land for injuries arising out of an unreasonably dangerous condition on that land, the standard of care owed by the defendant is defined by the relationship existing between the possessor of the land and the plaintiff. An invitee "is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." Restatement (Second) of Torts, § 332 (1965). Defendant concedes that plaintiff's status was that of an invitee, in that she entered his home with his consent and to his benefit as a potential buyer for his house.

When the plaintiff is an invitee, a possessor of land is subject to liability for injuries caused by a condition on the land only if the possessor (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to invitees; (b) should expect that invitees will not discover or realize the danger or will fail to protect themselves against it; and (c) fails to exercise reasonable care to protect invitees against the danger. *Harris v. Niehaus*, 857 S.W.2d 222, 225–226 (Mo. banc 1993) (citing Restatement (Second) of Torts, § 343 (1965)). A possessor is not an absolute insurer of the safety of his invitee. In addition, a possessor is not held liable for an injury caused by a defect in the premises of which he had no actual knowledge, even though it might have been revealed if he had made an investigation or inspection, unless the situation suggests an investigation and the facts are such

as to indicate to a reasonably prudent man the likelihood of the existence of some hidden danger to persons lawfully on his property. *Asher v. Broadway–Valentine Center, Inc.*, 691 S.W.2d 478, 483 (Mo.App.1985) (citing 62 Am.Jur.2d Premises Liability, § 27, p. 259); *see also England v. Salamon*, 324 S.W.2d 765, 768 (Mo.App.1959).

Plaintiff submitted her case to the jury on the basis that "[t]here were insufficient nails to support a step in the Defendant's house leading to the basement and as a result the step was not reasonably safe." Defendant stated that the step gave way because the "nails were inadequate, the wrong size." The evidence adduced at trial was that defendant had lived in the house since 1957, the year his father-in-law built the house. He stated that, although he in general approved of the construction of the house, he did not help his father-in-law actually construct the house except for doing "some odd jobs." He said that he was not aware that the step was defective in any way. He testified that he had traversed the basement steps "a thousand times" over the years and that there had never been any sound or movement in the step which would cause him to question its safety. In addition, he had preceded plaintiff down the steps into the basement on the day of the accident and had encountered no difficulty with the step.

The evidence did not establish either that defendant knew of the condition of the step or that the situation suggested that an investigation of the step was necessary. Although defendant observed the house being constructed and helped by doing odd jobs for his father-in-law, he did not actually help in constructing the stairs and his role in the overall construction was merely passive in nature. Plaintiff failed to present a submissible case on the first element of § 343. The trial court did not err in granting defendant's motion for judgment notwithstanding the verdict. Plaintiff's point on appeal is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.